Dear Representative Salter:
This office is in receipt of your opinion request in which you present the following issues relative to the Real Estate Commission:
 (1) Does Louisiana Real Estate Law authorize the Louisiana Real Estate Commission to require that all corporations be licensed in order to conduct real estate activities if these corporations have licensed qualifying brokers?
 (2) Can the Real Estate Commission require the corporation to pay fees in connection with this licensure?
 (3) Can the Real Estate Commission require the corporation to carry errors and omissions insurance coverage?
The answer to your first question is found in the application of LSA-R.S. 37:1437.2 which, in part, states:
 A. Any corporation formed under the laws of this state or any foreign corporation which has been granted a certificate of authority to do business in this state may be granted a license through its designated qualifying broker by the commission upon application and compliance with the requirements of this Section.
 B. Any limited liability company formed under the laws of this state and any foreign limited liability company which has registered in this state may be granted a license through its designated qualifying broker by the commission upon application and compliance with the requirements of this Section.
 C. Any partnership formed under the laws of this state or any foreign partnership which has registered in this state may be granted a license through its designated qualifying broker by the commission upon application and compliance with the requirements of this Section.
 D. Every application for a corporate, limited liability company, or partnership real estate broker's license shall be submitted by an individual licensed real estate broker who has been chosen by the corporation, limited liability company, or partnership as its qualifying broker. The qualifying broker shall be the corporation's, limited liability company's, or partnership's representative in all matters relating to its real estate business activities in Louisiana and in all matters before the commission. An individual real estate broker may serve as qualifying broker for more than one corporation, limited liability company, or partnership. Upon termination of a qualifying broker's affiliation with a corporation, limited liability company, or partnership for any reason, the corporation, limited liability company, or partnership shall immediately notify the commission and designate a new qualifying broker within ten days of the termination. A corporation, limited liability company, or partnership may designate a new qualifying broker at any time.
Under Subsection (A), a corporation is allowed licensurethrough a designated qualifying broker. Therefore, the license itself is issued to and in the name of the corporation, not the broker.
Moreover, "qualifying broker" is defined by LSA-R.S.37:1431(5) as:
 [S]ponsoring broker for a corporation, limited liability company, or partnership and is the individual real estate broker designated by a corporation, limited liability company, or partnership, by resolution, as its representative in all matters relating to its real estate business activities in Louisiana and in matters before the commission.
The broker serves in the capacity of representative for the corporation. It is the corporation who is the licensee under the law. Therefore, in answer to your first question, a corporation need not be licensed in addition to being licensed through a designated qualified broker.
Your second question asks whether the Real Estate Commission can require the corporation to pay fees in connection with a licensure. LSA-R.S. 37:1437.2(I) provides:
 The corporation, limited liability company, or partnership shall not be liable for any fees under this Chapter; however, this shall not affect the liability for fees of its qualifying broker, associate brokers, or salespersons. A qualifying broker shall owe a separate fee for each license that he holds when he serves as the qualifying broker for more than one corporation, limited liability company, or partnership.
As a general rule, a corporation is not required to pay fees pursuant to these provisions. However, by specific and mandatory language in the above referenced statutes, the corporation is still liable for the fees of its representative qualifying broker. Consequently, the Real Estate Commission can exercise its authority to require the corporation to pay these fees.
Finally, you ask whether the Real Estate Commission can require a corporation to carry errors and omissions insurance coverage. LSA-R.S. 37:1466(A) mandates:
 All active licensees licensed in accordance with the provisions of this Chapter are mandated to carry errors and omissions insurance to cover all activities contemplated under this Chapter.
As stated earlier, the corporation is the actual licensee in a designated qualified broker situation, with the latter merely serving as representative for the former. Therefore, the licensed corporation is mandated to pay the appropriate insurance.
I trust this adequately addresses your concerns. Please contact this office should you require further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI/CMF:tfd
cc: Mr. J.C. Willie
Executive Director for the Real Estate Commission
DATE RECEIVED: DATE RELEASED:
CARLOS M. FINALET, III, ASSISTANT ATTORNEY GENERAL